IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-00411-BR

| | |
|---|---|
| TYRONE HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| UNITED STATES OF AMERICA and ) | |
| THE CENTER OF THE WORLD, ) | |
| W.T.C., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings [DE-3] and for frivolity review of Plaintiff's complaint [DE-1] pursuant to 28 U.S.C. § 1915(e)(2)(B), which directs the court to review the allegations of a complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

Plaintiff's application is allowed for the limited purpose of conducting frivolity review, and it is recommended that Plaintiff's complaint be dismissed.

## I. STANDARD OF REVIEW

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. DISCUSSION

On August 4, 2015, Plaintiff filed his complaint. [DE-1]. On August 25, 2015, the court issued an order identifying the following deficiencies: (1) failure to pay the initial filing fee or, alternatively, to file a motion to proceed *in forma pauperis*; (2) failure to submit a completed civil cover sheet; (3) failure to submit the disclosure of corporate affiliations statement; (4) failure to submit a summons for each Defendant; and (5) the complaint is largely illegible, i.e., the court is unable to decipher the names of all defendants, the claims asserted, or the allegations of the complaint. [DE-2]. Plaintiff was given 21 days to correct these deficiencies and advised that a failure to do so may result in dismissal of the complaint. *Id.* Plaintiff was also advised that the necessary forms may be obtained from the Clerk of Court or found on the court's website. *Id.* On September 11, 2015, Plaintiff filed a hand-written motion to proceed *in forma*

*pauperis*, which is not on the required form. [DE-3]. However, despite this deficiency, the motion to proceed *in forma pauperis* is allowed for the limited purpose of proceeding to frivolity review.

Plaintiff has filed several other cases in this district suffering from similar deficiencies. *See, e.g., Hurt v. The Center of the World, W.T.C.*, No. 5-15-CV-431-BR; *Hurt v. Superior Court*, No. 5:15-CV-192-BO; *Hurt v. United States of America*, No. 5:15-CV-193-BO; *Hurt v. International Criminal Courts*, No. 5:15-CV-326-BO. Despite having been notified of the court's filing requirements and being provided with a *pro se* complaint packet on multiple occasions, Plaintiff again has failed to comply with the court's deficiency order. As indicated in the court's August 25, 2015 order, Plaintiff's complaint is largely illegible. From what the court can decipher, it appears Plaintiff seeks to bring a *Bivens* claim against the United States of America and the World Trade Center and cites "discrimination against pregnant women" and discrimination based on sexual orientation. Compl. [DE-1] at 1; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 (1971). Plaintiff's complaint is patently frivolous and fails to state a claim upon which relief can be granted. Accordingly, it is recommended that the complaint be dismissed as frivolous.

### III. CONCLUSION

For the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED for the limited purpose of frivolity review, and it is RECOMMENDED that the complaint be dismissed as frivolous.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **October 5, 2015** to file written objections to the Memorandum

4

and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the __17__ day of September 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

5

Case 5:15-cv-00411-BR   Document 4   Filed 09/17/15   Page 5 of 5